UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| VICKY ALONSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| A-1 QUICK CASH, LLC, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. The plaintiff Vicky Alonso is a resident of Winchester, Franklin County, Tennessee. The defendant A-1 Quick Cash, LLC, is a limited liability company with its principal place of business in Tullahoma, Tennessee, and with an agent for service of process in Tennessee. The defendant is in the payday advance loan business with numerous business locations in Middle Tennessee. This is a complaint under Title VII of the Civil Rights Act of 1964 for discrimination in employment and under the Tennessee Human Rights Act. *42 U.S.C. §2000e-2(a)(1)* and *Tenn. Code Ann. §4-21-101*.

2. This court has jurisdiction of this action pursuant to the provisions of *28 U.S.C. §1331* and *§1343* and, as to claim under the law of the state of Tennessee, pursuant to this Court's pendent jurisdiction.

3. The plaintiff has filed a charge of discrimination with both the Equal Employment Opportunity Commission (EEOC) and the Tennessee Human Rights Commission (THRC), and she has complied with the conditions precedent to the commencement of this action. The

1

plaintiff received her notice of right to sue from the EEOC shortly after September 22, 2017, the date of the EEOC Notice of Right to Sue, and this action is timely filed.

4. At times material the plaintiff was a fifty-three year old female, and she was an employee of the defendant. She was hired by the defendant as a collector in June of 2010, and she soon assumed greater responsibilities with additional duties including auditing. The plaintiff was qualified, after her five years of experience with the defendant, to attain a higher position in the defendant company, but the plaintiff, along with other women in the company, were passed over for a male employee. On May 12, 2015, Vernon Miller, the president of the defendant company, and one who had supervisory authority, announced in the office of Linda Willis, the General Manager of the defendant, and in the presence of the plaintiff, that a man had been brought into the company. This resulted in the demotion of Ms. Willis to district manager with six stores to manage while the new hire, a 32 year old man with no experience with the type of business operated by the defendant, to have five stores. At that meeting Mr. Miller stated that "the board wanted a man in the company." This is what happened. Ms. Willis was demoted, and the plaintiff lost her position because, as Mr. Miller stated, the defendant wanted a man, not a woman.

5. On June 14, 2015, the plaintiff submitted a discrimination complaint to the State of Tennessee Human Rights Commission alleging that the plaintiff as a 53 year old female, and upon the hire of a 32 year old male, had her duties diminished and that her future in the company became jeopardized. After the plaintiff filed her discrimination complaint, her situation at work became terrible with her duties being taken away or being threatened to be taken away. In the investigation of the plaintiff's discrimination complaint by the EEOC, Ms. Willis confirmed the statements made by Mr. Miller in regard to male employment; and for that reason, Ms. Willis

was fired on January 15, 2016. Following the filing of the EEOC complaint, the plaintiff's conditions of employment became intolerable. The defendant knowingly and actively permitted and countenanced the degradation of the plaintiff's employment conditions resulting in discrimination to such an extent that a reasonable person would resign. The plaintiff did resign, her last day of employment was September 23, 2015.

6. The discriminatory actions of the defendant against the plaintiff resulted in the removal of some of her duties and changes in her work conditions, and these, along with that set out above, constituted a specific job detriment and which ultimately resulted in her resignation for the reasons set out above. All of this was the direct result of the discriminatory action on the part of the defendant. The discriminatory actions on the part of the defendant were severe and pervasive and altered the conditions of the plaintiff's employment; and, as such, they created an abusive working environment that constituted employment discrimination forbidden by Title VII of the Civil Rights Act of 1964 and by the Tennessee Human Rights Act both as set forth in *42 U.S.C. §2000e-2(a)(1)* and *Tenn. Code Ann. §4-21-101 et seq.* respectively. The employment conditions of the plaintiff were diminished as a result of the hiring of a 32 year old man, and this constitutes both sex and age discrimination.

7. The actions of the defendant as described in this complaint were willful, intentional, malicious, or reckless.

8. As a direct result of the defendant's conduct, the plaintiff has suffered specific job detriments, including reduction in pay, a change in work conditions, and a loss of benefits. The plaintiff has suffered, and continues to suffer, significant humiliation and embarrassment, emotional distress, and physical and mental pain and degradation, and she has been so damaged. The plaintiff is entitled to recover for these damages, and her damages will include back pay and

front pay, and damages for emotional pain and distress, attorney fees, and costs and discretionary costs. In addition to her claim for compensatory damages, the plaintiff is entitled to punitive damages.

WHEREFORE, the plaintiff prays as follows:

1. That proper process issue requiring the defendant to answer this complaint.

2. That the plaintiff be awarded damages in the amount of $250,000 for compensatory damages and $250,000 for punitive damages.

3. That the plaintiff be awarded pre-judgment interest, post-judgment interest, attorney fees, discretionary costs, and costs.

4. That the case be tried by a jury.

5. That the plaintiff have general relief.

Respectfully submitted,

SWAFFORD, PETERS, PRIEST & HALL

By: /s/ Robert S. Peters
Robert S. Peters, BPR No. 3630
120 North Jefferson Street
Winchester, Tennessee 37398
(931) 967-3888 office
*Attorney for plaintiff, Vicky Alonso*
rspeters@spphlaw.com

4

Case 4:17-cv-00079-TRM-CHS   Document 1   Filed 12/13/17   Page 4 of 4   PageID #: 4